**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HECTOR VASQUEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> STATE OF NEVADA, *et al.*, ) <br> ) <br> Respondents. ) <br> _____/ | Case No. 2:13-cv-00279-JAD-VCF <br><br> **ORDER** |

     This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.

     On January 10, 2014, this Court granted petitioner's first motion for an extension of time to file an amended petition. (Doc. 12). On March 10, 2014, petitioner filed a motion for a second extension of time in which to file an amended petition. (Doc. 13). Petitioner seeks an enlargement of time, up to and including April 7, 2014, to file the first amended petition. Having reviewed the motion and good cause appearing, petitioner's motion is granted.

     Also on March 10, 2014, petitioner filed exhibits in support of the amended petition. (Docs. 14 & 15). Petitioner has concurrently brought a motion for leave to file under seal a presentence report containing confidential information regarding petitioner. (Doc. 17).

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The presentence report contains confidential information concerning petitioner, as defined under NRS 176.156. Yet, the presentence report may be useful to the parties and the Court in determining the merits of petitioner's habeas petition. On balance, the potential harm to petitioner's interests outweighs the public's right to access the presentence report. Petitioner has made an

adequate showing of compelling reasons to keep the presentence report sealed. Accordingly, the Court grants petitioner's motion for leave to file the presentence report under seal.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file his presentence investigation report under seal (Doc. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file an amended petition (Doc. 13) is **GRANTED.** The amended petition shall be filed on or before **April 7, 2014.**

Dated this 13th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE